## AUFFMORDT & Co. *v.* UNITED STATES (No. 750).[1]

PROVISO TO PARAGRAPH 380, TARIFF ACT OF 1909.

The importation was of woolen dress goods with cotton warp weighing over 4 ounces per square yard. Under the proviso to paragraph 380, tariff act of 1909, the collector, after fixing the duty at 44 cents per pound and 55 per cent ad valorem, deducted 5 per cent from this total sum and assessed the remainder. The importer protested the proviso should be read as reducing the ad valorem rate to 50 from 55 per cent. This contention was properly overruled by the board. The proviso to the paragraph should be subjected to the same construction as if the 5 per cent had been expressed by the equivalent term, "one-twentieth."

### United States Court of Customs Appeals, January 23, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7260 (T. D. 31803).

[Affirmed.]

*Walden & Webster* (*Henry J. Webster* of counsel) for appellants.

*Wm. L. Wemple*, Assistant Attorney General (*Chas. D. Lawrence* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case calls for a construction of those provisions of the several paragraphs of the tariff act of 1909 quoted below:

378. On cloths * * * made wholly or in part of wool, not specially provided for in this section * * * valued at over seventy cents per pound, the duty per

---

[1] Reported in T. D. 32230 (22 Treas. Dec., 180).

pound shall be four times the duty imposed by this section on one pound of unwashed wool of the first class and fifty-five per centum ad valorem.

Paragraph 369 provides that—

The duty upon all wools and hair of the first class shall be eleven cents per pound.  *  *  *

380. On women's and children's dress goods,  *  *  *  of which the warp consists wholly of cotton or other vegetable material with the remainder of the fabric composed wholly or in part of wool:  *  *  *  *Provided*, That on all the foregoing, weighing over four ounces per square yard, the rates of duty shall be five per centum less than those imposed by this schedule on cloths.

The appellant imported woolen dress goods with cotton warp weighing over 4 ounces per square yard. The collector, acting under the proviso to section 380, after fixing the duty at 44 cents per pound and 55 per cent ad valorem, deducted 5 per cent from this total sum and assessed the remainder. The importer protested and claimed that the proviso should be read as reducing the ad valorem rate by 5 per cent, making the ad valorem rate 50 per cent instead of 55 per cent, whereas by the collector's method, deducting 5 per cent on the aggregate, it left the rate at $52\frac{1}{4}$ per cent. This contention was overruled by the Board of General Appraisers.

The contention of the protestant is that by using the words "rates of duty" Congress indicated a purpose to lower the ad valorem rate by the per cent named. This contention would be persuasive if we were dealing with an imposition consisting wholly of an ad valorem rate, but such is not the case here. If the proviso should be construed to. read that "on all the foregoing, weighing over 4 ounces per square yard, the [ad valorem] rates of duty shall be 5 per cent less than those [i. e., the ad valorem rates] imposed by this schedule on cloth," the importer's contention would be unanswerable so far as it related to the ad valorem rates, and it would seem that either this proviso should be construed as paraphrased or that the rates of duty should be given a construction which would admit of a deduction from the aggregate of duty assessed under the provisions of the act.

As there is no percentage which can be reduced by the mere process of subtraction which fixes the specific rate, resort must be had to a computation to ascertain what the 5 per cent amounts to. It is very clear that the proviso is not intended to provide a deduction of 5 per cent on the amount of the specific duties and a deduction of 5 per cent from the ad valorem rate.. The two methods are inconsistent. We think the better construction is that adopted by the board, namely, that the proviso to the paragraph should be subjected to the same construction as if. the 5 per cent had been expressed by the equivalent term, "one-twentieth." This avoids inconsistency, and as is said by the board, 5 per cent less than a given sum is in ordinary understanding one-twentieth less. There would be no room for misunderstanding at all except that arising from the fact that the term "rates" is employed.

The decision of the Board of General Appraisers is *affirmed.*